IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **ALEXANDRE PELLETIER**, Individually and On Behalf of All Others Similarly Situated**,**<br><br>v.<br><br>**ENDO INTERNATIONAL PLC, RAJIV KANISHKA LIYANAARCHCHIE DE SILVA, SUKETU P. UPADHYAY, AND PAUL V. CAMPANELLI** | **CIVIL ACTION**<br><br>**NO. 17-cv-5114** |

## **ORDER**

Presently pending is a Motion by Lead Plaintiff to Challenge Third-Party A.B. Data, Ltd.'s Highly Confidential Designation . . . (ECF 138).

Upon review of the papers, some of which are redacted, the Court will have a recorded telephone conference with counsel for Third-Party A.B. Data as well as the parties on Wednesday, November 18, 2020 at 2:00 P.M.  Counsel for plaintiff will initiate the telephone conference and, when all counsel are on the line, call Chambers at 267-299-7520.

Initially, the Court reminds counsel that when filing motions with attached exhibits, counsel must submit to Chambers, by mail or hand delivery, unredacted paper copies of the document with exhibits bound and tabbed, which has not been done as to this pending Motion but shall be completed promptly.

Counsel should be prepared to answer the following questions during the conference call.

1.      Plaintiff asserts that it needs this information "to correct factual misstatements in a state court appeal [Pennsylvania Superior Court]."  What factual misstatements have allegedly been made and by which party or parties?

2.      What evidence does plaintiff have that these statements are incorrect?

3. Why are these statements material to this case?

4. If the alleged misstatements may be material in the state court appeal, why doesn't plaintiff move in the Superior Court to challenge what took place in the Court of Common Pleas of Chester County?

5. What confidentiality interests do the parties (including A.B. Data) have in this information that would be injured by releasing it to the state courts?

6. Why should the Court rule in this matter if it may be viewed as contrary to the decisions of the Court of Common Pleas of Chester County denying plaintiff's motion to intervene?

7. What authority is there for this Court to order a third party to produce documents to the plaintiffs, for use in another case pending in a different court, in which the plaintiff's effort to intervene was denied by the Court of Common Pleas of Chester County?

8. What expenses, including attorney's fees, would A.B. Data incur in relation to this motion and is plaintiff prepared to reimburse A.B. Data?

BY THIS COURT:

s/ Michael M. Baylson

**Dated: 11/5/2020**

_____
**MICHAEL M. BAYLSON**
**United States District Court Judge**

O:\CIVIL 17\17-5114 Pelletier v Endo Intl\17cv5114 Order 11042020.docx