IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **ALEXANDRE PELLETIER**, Individually and On Behalf of All Others Similarly Situated**,**<br><br>       **v.**<br><br>**ENDO INTERNATIONAL PLC, RAJIV KANISHKA LIYANAARCHCHIE DE SILVA, SUKETU P. UPADHYAY, AND PAUL V. CAMPANELLI** | **CIVIL ACTION**<br><br>**NO. 17-cv-5114** |

## ORDER

**AND NOW** this 15th day of December, 2020, following a recorded telephone conference with counsel this date, the Court will require supplemental briefing to be filed simultaneously on the following issues:

   1.   Judge Savage's opinion in this dated June 19, 2018 assumes that lead plaintiff, Chicago Park, was a "purchaser" of Endo stock.  See page 9, "The Fund purchasing Endo shares on November 3, 2016 and later …"  The record shows that all actual purchases were made by a third-party known as Lombardia, and that the shares purchased by Lombardia were at some other date transferred to Chicago Park.  See also, lead plaintiff's brief (ECF 174, p. 6) ("Park's November 3, 2016 purchase …").

   a.   The Amended Complaint filed August 6, 2018, after Judge Savage designed Chicago Park as lead plaintiff, does not disclose any facts about Lombardia.

   What is the legal impact of this and how does it affect Chicago Park's ability to serve as plaintiff or as a lead plaintiff or as an adequate class representative?

   2.   In the opinion by Judge Griffith of the Chester County Court of Common Pleas denying the motion to intervene by Chicago Park, Judge Griffith was of the view that some

portion (or all?) of the claims in this case may have already been included in the settlement in that case.  To the extent that settlement covered damages "traceable" to the subject matter of that case, should the class period in this case, as alleged as March 2, 2015 to February 29, 2017, be changed and narrowed and, if so, to what extent?

3.	Whether the Motion to Quash third party subpoenas should be considered a strategic effort to prevent the actual time of certain transactions in Endo stock becoming a matter of the record in this case, which would show that certain representations made by Chicago Park to the Court had been incorrect?  Discussions between counsel as to where the motions were filed or whether they would be transferred to this Court, in view of the discussion during the conference call are not relevant.

4.	Given various issues relating to Chicago Park as noted previously or above, the Court is considering designating an actual purchaser of Endo shares as the lead plaintiff.  If so, what procedure should be used by the Court?  Should Mr. Pelletier or Messrs. Wingard and Dole be considered?  Should there be any change in the designation of current counsel for the lead plaintiff?

5.	The parties shall file briefs on this issue, without exhibits, limited to fifteen (15) pages by 4:00 p.m. on December 23, 2020.

                                                      **BY THIS COURT:**

                                                      s/ Michael M. Baylson

                                                    **MICHAEL M. BAYLSON**
                                                    **United States District Court Judge**

O:\CIVIL 17\17-5114 Pelletier v Endo Intl\17cv5114 order 12152020.docx