# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **ALEXANDRE PELLETIER**, Individually and On Behalf of All Others Similarly Situated, <br><br> v. <br><br> **ENDO INTERNATIONAL PLC, RAJIV KANISHKA LIYANAARCHCHIE DE SILVA, SUKETU P. UPADHYAY, AND PAUL V. CAMPANELLI** | **CIVIL ACTION** <br><br> **NO. 17-cv-5114** |

## ORDER RE: CLASS CERTIFICATION

AND now, this 20th of May, 2021, Court-appointed Lead Plaintiff Bucks County Employees Retirement System ("Lead Plaintiff") and co-Lead Plaintiffs Alexandre Pelletier and Nathan Joseph Dole ("co-Lead Plaintiffs," and together with Lead Plaintiff, "Lead Plaintiffs") having moved for certification of this action as a class action on behalf of those who purchased or otherwise acquired ordinary shares of Endo International plc ("Endo"), and appointment of class representatives and class counsel, pursuant to Rules 23(a), 23(b)(3), and 23(g) of the Federal Rules of Civil Procedure; and, having considered the papers and arguments submitted in support of and in opposition to the motion; and good cause having been shown;

1. The Class is defined as follows:

All persons and entities who purchased or otherwise acquired the ordinary shares of Endo from March 2, 2015 through February 27, 2017, inclusive (the "Class Period").

Excluded from the Class are

(i) Defendants and any affiliates or subsidiaries thereof;

(ii) present and former officers and directors of Endo and its subsidiaries or affiliates, and their immediate family members (as defined in Item 404 of SEC Regulation S-K, 17 C.F.R. §229.404, Instructions (1)(a)(iii) & (1)(b)(ii));

(iii) Defendants' liability insurance carriers, and any affiliates or subsidiaries thereof;

(iv) any entity in which any Defendant has or has had a controlling interest;

(v) Endo's employee retirement and benefits plan(s); and

(vi) the legal representatives, heirs, estates, agents, successors, or assigns of any person or entity described in the preceding five categories.

Also excluded from the Class are claims released in the settlement in <u>Public Employees' Retirement System of Mississippi v. Endo International plc, et al.</u>, No. 2017-02081-MJ (Ct. Com. Pl. Chester Cnty., Pa.), regardless of whether the purchaser/acquirer has sought compensation under the related settlement, pursuant to the Notice of Pendency of Class Action, Proposed Settlement, and Motion for Attorneys' Fees and Expenses issued in that case by Order of the Court of Common Pleas of Chester County, Pennsylvania.

2. The Court finds, pursuant to Rule 23(a), that: (i) the Class is so numerous that joinder of all members is impracticable; (ii) there are questions of law or fact common to the Class; the claims of Lead Plaintiffs are typical of the claims of the Class; and (iv) Lead Plaintiffs will fairly and adequately protect the interests of the Class;

3. The Court finds, pursuant to Rule 23(b)(3), that questions of law or fact common to members of the Class predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy; and

4. The Court finds, pursuant to Rule 23(g), that Court-appointed Lead Counsel Lawrence F. Stengel, Esquire of Saxton & Stump ("Lead Counsel"), co-Lead Counsel Robbins Geller Rudman & Dowd LLP ("co-Lead Counsel"), and Pomerantz LLP ("Counsel for co-Lead Plaintiffs"), will fairly and adequately represent the interests of the Class;

It is hereby **ORDERED** that:

1. The motion for class certification and appointment of class representatives and class

counsel is **GRANTED**;

2. The Class, as defined above, is certified pursuant to Rules 23(a) and 23(b)(3);

3. Lead Plaintiffs are appointed as lead and co-lead class representatives;

4. Lead Counsel, co-Lead Counsel, and Counsel for co-Lead Plaintiffs are appointed as lead and co-lead class counsel;

5. Lead Plaintiffs shall draft and serve Defendants with a form of notice for the claims, with all details required by Rule 23(c)(2), within fourteen (14) days, and the parties, after conferring with each other, shall file either an agreed-upon notice or two separate notices within thirty (30) days; and

6. Defendants' Motion to Strike (ECF 322) is **DENIED**.

**BY THIS COURT:**

**s/ MICHAEL M. BAYLSON**

**MICHAEL M. BAYLSON**
**United States District Court Judge**

O:\CIVIL 17\17-5114 Pelletier v Endo Intl\17cv5114 class cert. order 05142021.docx