# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ALEXANDRE PELLETIER, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>vs.<br><br>ENDO INTERNATIONAL PLC, et al.,<br><br>Defendants. | Civ. Action No. 2:17-cv-05114-MMB<br><br>CLASS ACTION<br><br>Honorable Michael M. Baylson<br><br>DECLARATION ON BEHALF OF BUCKS COUNTY EMPLOYEES RETIREMENT SYSTEM IN SUPPORT OF MOTION FOR FINAL APPROVAL OF SETTLEMENT, PLAN OF ALLOCATION, AWARD OF ATTORNEYS' FEES AND EXPENSES, AND AWARD TO LEAD PLAINTIFF |

I, Amy M. Fitzpatrick, declare as follows:

1. I am the First Assistant County Solicitor for Lead Plaintiff Bucks County Employees Retirement System ("Bucks County ERS").[1] As First Assistant County Solicitor, working under the oversight of County Solicitor Joseph J. Khan, I advise Bucks County ERS about legal matters, including litigation on behalf of Bucks County ERS such as this case. I have served as a primary point of contact for Robbins Geller Rudman & Dowd LLP ("Robbins Geller") in connection with this litigation. I have also kept the County Solicitor, the County Controller, and the Bucks County Retirement Board informed about all material aspects of this litigation. On behalf of the Bucks County ERS, I respectfully submit this declaration in support of final approval of the Settlement for $63.4 million in this matter, the Plan of Allocation, Lead Counsel and Co-Lead Counsel's fee and expense requests, and the Bucks County ERS's request for an award pursuant to 15 U.S.C. §78u-4(a)(4) in connection with its representation of the Class. I have personal knowledge of the matters stated herein and, if called upon, I could and would competently testify thereto.

2. The Bucks County Retirement Board administers the Bucks County Employees' Retirement System, which provides retirement benefits to County employees. The Bucks County ERS oversees approximately $1 billion of investments on behalf of its beneficiaries.

3. The Bucks County Retirement Board understands that the Private Securities Litigation Reform Act of 1995 was intended to encourage institutional investors to oversee securities class actions. Thus, when the Court removed the Prior Lead Plaintiff in this matter from

---

[1] Unless otherwise stated or defined, all capitalized terms used herein have the same meanings provided in the Stipulation of Settlement (the "Stipulation"), dated October 15, 2021 (ECF No. 395).

- 1 -

that role, the Bucks County ERS stepped forward to ensure that this action was responsibly prosecuted by an institutional investor on behalf of the Class.

4.  As Lead Plaintiff, the Bucks County ERS has monitored the progress of this litigation in consultation with Lead Counsel Lawrence Stengel and Co-Lead Counsel Robbins Geller.  In fulfillment of its responsibilities on behalf of all members of the Class, the Bucks County ERS: (i) engaged in numerous phone conferences and email communications with counsel; (ii) provided input into the prosecution of the case; (iii) searched for and provided documents and information responsive to Defendants' discovery requests; (iv) prepared for and provided deposition testimony; (v) kept informed regarding the status of the case; (vi) reviewed documents filed in this action and opinions of the Court; (vii) consulted with counsel and provided input regarding litigation and settlement strategy; (viii) participated in and was kept informed about mediation and settlement negotiations; and (ix) considered and ultimately approved the proposed Settlement in light of all circumstances concerning the litigation and Endo's financial condition.

5.  The Bucks County Retirement Board authorized Lead Counsel and Co-Lead Counsel to settle this action for $63,400,000.00.  The Bucks County Retirement Board and my colleagues and I considered the merits of this case, including the law governing the allegations and facts developed in discovery.  In making the determination that the Settlement is fair and reasonable, the Bucks County Retirement Board and my colleagues and I weighed the Settlement's substantial benefits to the Class against the significant risks and uncertainties of continued litigation.  After doing so, the Bucks County Retirement Board concluded that the Settlement represents an excellent recovery for the Class and a recovery that would not have been possible without the diligent efforts of Lead Counsel and Co-Lead Counsel, who aggressively and responsibly litigated this case.  The Bucks County Retirement Board believes the Settlement is fair and represents a more than adequate recovery on behalf of the Class, and that its approval is in the

best interest of the Class. Based on expert analysis and input by Co-Lead Counsel Robbins Geller, the Bucks County Retirement Board also concluded that the Plan of Allocation presents a fair method of distributing the Settlement proceeds on a *pro rata* basis among Class Members.

6. The Bucks County Retirement Board believes that the fee application for 25% of the Settlement Amount and litigation expenses of $1,839,050.39 is fair, reasonable, and appropriate given the facts and circumstances of this case, Lead Counsel and Co-Lead Counsel's high quality representation and diligence in prosecuting this litigation, the stage of the litigation at the time the Settlement was achieved, and fees awarded in similar cases. Moreover, the proposed fee is consistent with the retainer agreement that Bucks County ERS and Robbins Geller entered into at the outset of Bucks County ERS's involvement in this matter. The Bucks County ERS negotiated the retainer agreement in order to properly align the incentives of Lead Counsel, Co-Lead Counsel, and the Class.

7. I, along with County Solicitor Joseph J. Khan, Bucks County's then-Controller Neale Dougherty, Deputy Controller Kimberly S. Doran, and the Bucks County Retirement Board spent significant time on behalf of Bucks County ERS in connection with the prosecution of this case. This time includes monitoring and participating in the litigation; providing information, documents, and deposition testimony in response to Defendants' discovery requests; and participating in discussions about litigation and settlement strategy. Based on our compensation, backgrounds, and experience, we believe that a fair estimate of the unreimbursed amounts associated with the time and effort of Bucks County employees in connection with this litigation is $17,000. Our professional time and efforts were reasonably and necessarily undertaken in connection with Bucks County ERS's services to the Class.

I declare under penalty of perjury that the foregoing is true and correct. Executed this 19th day of January, 2022, in Doylestown, Pennsylvania.

_____
AMY M. FITZPATRICK  (PA BAR #324672)