UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ALEXANDRE PELLETIER, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>vs.<br><br>ENDO INTERNATIONAL PLC, et al.,<br><br>Defendants. | Civ. Action No. 2:17-cv-05114-MMB<br><br>CLASS ACTION<br><br>Honorable Michael M. Baylson<br><br>**PRIOR LEAD PLAINTIFF'S COUNSEL'S SUPPLEMENTAL MEMORANDUM REGARDING ATTORNEYS' FEES** |

At the February 23, 2022 hearing, the Court stated that it intends to make a fee award to Prior Lead Plaintiff's Counsel on an hourly basis.[1] (*See* Tr. at 14:11-12; 19:14-18.) We recognize that the Court will apply its discretion to determine its award. This supplemental memorandum (a) describes the work that Bleichmar Fonti & Auld LLP ("BFA") performed, and (b) addresses the Court's instruction to apply Philadelphia-area rates to BFA's hours.

**Background**

In consultation with Lead Counsel (Mr. Stengel) and Co-Lead Counsel, Prior Lead Plaintiff's Counsel previously submitted their hours, lodestar, and expenses in support of Lead Counsel's application for an overall fee of 25%. (*See* ECF 402-9 (Declaration of Joseph A. Fonti in Support of Application for Award of Attorneys' Fees and Expenses) (the "Fonti Declaration").)

---

[1] All capitalized terms not defined herein have the meanings stated in the Stipulation of Settlement (ECF 396-1).

This was consistent with the Third Circuit's instruction that "any attorney who wishes to be compensated out of the plaintiff class's recovery in a class action governed by the PSLRA must submit his fee requests to the PSLRA lead plaintiff." *In re Cendant Corp. Sec. Litig.*, 404 F.3d 173, 199 (3d Cir. 2005).

Pursuant to its authority as the PSLRA Lead Plaintiff, Bucks County Employees Retirement System ("Bucks") provided that "Lead Counsel [Mr. Stengel] shall thereafter allocate the attorneys' fees among Plaintiffs' Counsel and Prior Lead Plaintiff's Counsel in a manner that Lead Counsel in good faith believes reflects the contributions of such counsel to the prosecution and resolution of the Action." (ECF 396-1 (October 15, 2021 Stipulation of Settlement) ¶6.2; *see also* ECF 402-2 ¶21.)

In the fee application, Lead Counsel referred to the "important work" BFA performed (ECF 402-2 ¶23) and identified five categories of tasks performed by BFA. Specifically, BFA:

1. "drafted a detailed 120-page Amended Complaint";
2. "successfully opposed Defendants' motion to dismiss as to key claims";
3. "[o]btained over one million pages of documents from Defendants and over 190,000 pages from third parties" and "successfully moved to compel Defendants to produce certain board of directors materials and the depositions of Endo's current CEO and a member of the audit committee";
4. "deposed five former Endo employees (including Defendant Upadhyay)"; and
5. "moved for class certification, produced an expert report on topics relevant to class certification and opposed Defendants' motion to strike portions of that report, defended that expert's deposition, and deposed Defendants' expert on the same topics."

(ECF 402-2 ¶23.)

**BFA's Work**

BFA performed 17,780 hours of work during a two-and-a-half year period (June 2018 through December 9, 2020).  (ECF 402-9 Ex. A (page 9 of 82).)  Below is a description that begins with the five areas identified by Mr. Stengel.[2]

1. <u>Complaint</u>:  This category consists of work preparing the Amended Class Action Complaint (the "Complaint"), which was filed on August 6, 2018 (ECF 62).  Specific tasks included:  (i) analyzing three years (2014-2017) of Endo's SEC filings, conference call transcripts, analyst reports, and other public information; (ii) working with consulting experts to analyze Endo's financial disclosures, price increases, and profits Endo earned from those price increases based on an econometric analysis; (iii) engaging an investigative firm to locate and interview former Endo employees, resulting in identifying six former Endo employees referenced in the Complaint who provided information supporting the allegations; and (iv) drafting the 102-page Complaint, which includes detailed allegations regarding the process whereby Defendants implemented and tracked the financial impact of price increases.  The work performed on the Complaint was undertaken from June to August 2018.

2. <u>Opposing Defendants' Motion to Dismiss</u>:  This category consists of work to oppose Defendants' motion to dismiss.  Specific tasks included:  (i) researching and drafting the opposition brief filed on October 26, 2018 (ECF 66), which included arguments that the Complaint

---

[2] As previously stated in the Fonti Declaration (ECF 402-9 ¶4), in consultation with Lead Counsel and Co-Lead Counsel, Prior Lead Plaintiff's Counsel excluded and did not submit lodestar for (a) work that was specific to Chicago Park in its role as Prior Lead Plaintiff and proposed class representative; (b) the objection and appeals related to the Pennsylvania state court action captioned *Pub. Emps.' Ret. of Miss. v. Endo Int'l plc*; and (c) all work performed (i) before June 19, 2018 (the day Chicago Park was appointed as Lead Plaintiff (ECF 59)) and (ii) after December 9, 2020 (the date on which the Court held its first hearing on Chicago Park's motion for class certification).  These exclusions removed 5,158.25 hours of work performed by the Prior Lead Plaintiff's Counsel firms (ECF 402-9 ¶5).

adequately alleged the falsity of Defendants' statements based on Defendants' concealment of the financial impact of the price increases, and Defendants' scienter based on their involvement in drug pricing decisions and receipt of reports tracking the increases' financial impact; (ii) preparing for the September 18, 2019 oral argument, including by preparing an outline that included summary rebuttals to each of Defendants' arguments and responses to the Court's pre-hearing questions; (iii) drafting notices of supplemental authority to inform the Court of recent decisions that further demonstrated the adequacy of the allegations in the Complaint (ECF 70, 72, 86); and (iv) filing a post-hearing submission at the Court's direction.  (ECF 89.)

3.      Efforts to Secure Document and Written Discovery:  Discovery commenced upon the Court's ruling on the motion to dismiss on February 14, 2020.  BFA's efforts to secure document and written discovery included:  (i) preparing and serving written discovery requests on Defendants, including 95 requests for production of documents (served in two sets on February 28 and April 13, 2020), five interrogatories (served in two sets on April 13 and November 18, 2020), and 489 requests for admission (served on November 18, 2020); (ii) negotiating discovery disputes, resulting in, among other things, Defendants' agreement to produce documents in tiers based on particular custodians to ensure efficient deposition preparations; (iii) briefing two motions to compel that resulted in production of Board of Directors materials (ECF 108, 112; *see also* ECF 114 (Order)), and additional depositions, including of Endo's current CEO and a member of its Board of Directors (ECF 181, 202, 207; *see also* ECF 301 (Order)); and (iv) negotiating the scope of document productions by Endo's auditor and underwriter banks.  These efforts resulted in the production of well over 1,000,000 pages of documents by Defendants and Endo's auditor and underwriters.

4.      Fact Depositions: This category consists of work to prepare for and depose five former Endo employees, and to prepare work product for certain fact depositions that were

4

ultimately taken by Lead Counsel and Co-Lead Counsel. This work involved: (i) implementing a comprehensive deposition preparation process to review the documents related to each of the five deponents; (ii) drafting detailed deposition outlines that utilized critical documents to develop the Class's proof; and (iii) logistical support for all depositions to be conducted remotely, including delivery of hard copy deposition exhibits to witnesses and counsel. BFA deposed the five witnesses listed below:

| NAME | TITLE | DATE |
|---|---|---|
| Patrick Raimer | Former Senior Director of Financial Planning of Analysis; former Interim Vice President, Finance | Oct. 20, 2020 |
| Lori Minnihan | Former Associate Director, Contracts and Pricing | Oct. 23, 2020 |
| Charles "Trey" Propst | Former Vice President, National Accounts | Nov. 18, 2020 |
| Michael Reiney | Former Vice President, Sales and Marketing | Nov. 20, 2020 |
| Suketu Upadhyay (Defendant) | Former Chief Financial Officer | Dec. 4, 2020 |

In addition, BFA prepared and provided deposition materials for the following depositions that were taken by Lead Counsel and Co-Lead Counsel: (i) Defendant Rajiv De Silva (former Chief Executive Officer); (ii) Defendant Paul Campanelli (former Chief Executive Officer); (iii) Blaise Coleman (current Chief Executive Officer); and (iv) Warren Pefley (former Senior Director, National Accounts and Customer Marketing).

5. <u>Class Certification</u>: Beginning on June 26, 2020, BFA briefed class certification and submitted the expert opinion of Dr. Zachary Nye (*see* ECF 116, 116-5). Dr. Nye rendered opinions concerning market efficiency, price impact, and a class-wide damages methodology. Dr. Nye was deposed on July 27, 2020. BFA also deposed Defendants' expert, Dr. Skinner, and opposed Defendants' motion to strike portions of Dr. Nye's report. Bucks and Lead Counsel relied on Dr. Nye's expert opinions in further supporting class certification, as the Court referenced in its class certification order entered May 21, 2021 (ECF 340).

6. In addition to the five tasks identified by Lead Counsel and described above, BFA also undertook the following work:

(a) <u>Analysis of Document Discovery</u>: This category includes work to analyze the documents obtained from Defendants and Endo's auditor and underwriters. Specific tasks included: (i) establishing protocols and procedures to guide the review and developing a customized document review platform with an eDiscovery vendor; (ii) deploying and continually refining artificial intelligence tools to quickly identify the most important documents produced based on those previously identified by attorneys; (iii) structuring the review to prioritize documents for review based on their custodians and contents, and completing dozens of targeted searches for documents concerning key topics; and (iv) closely supervising the review team to ensure focus on identifying important documents supporting the Class's claims.

(b) <u>Mediation</u>: BFA engaged in two mediation sessions under the auspices of Hon. Layn. R. Phillips (Ret.), the same mediator who later oversaw the Settlement. BFA first participated in a February 2019 mediation session that was unsuccessful. Over 18 months later, with document production and depositions underway, BFA participated in a second mediation in November 2020. In connection with these two mediation sessions, BFA engaged experts to assess Endo's financial condition and calculate aggregate damages. BFA also prepared detailed mediation statements in advance of each mediation session. (*See* ECF 402-2 (Stengel Decl.) ¶9.) The statements and other materials were shared with Lead Counsel during the transition.

(c) <u>Case Administration</u>: This category includes administrative work, such as monitoring dockets in related cases for relevant developments, organizing case documents, and calendaring important deadlines.

6

### Hourly Rates

At the February 23 hearing, the Court instructed counsel to apply Philadelphia-area rates. (Tr. at 19:19-20:13.) The Court may wish to consider Lead Counsel's blended hourly rate (*i.e.*, the total amount of lodestar for all personnel divided by total number of hours expended) as an indicator of Philadelphia-area rates. Lead Counsel's blended rate is $443.47/hour ($805,005.10 lodestar divided by 1,815.233 hours) (*see* ECF 402-2 ¶41). This is 20.7% lower than BFA's blended hourly rate of $559.23 ($9,943,115 lodestar divided by 17,780 hours) (*see id.*).

### Conclusion

We respectfully request that the Court take into account the above information in determining its award.

DATED: March 4, 2022

Respectfully submitted,

**HANGLEY ARONCHICK SEGAL PUDLIN & SCHILLER**

/s/ *John S. Summers*
John S. Summers
One Logan Square, 27th Floor
Philadelphia, Pennsylvania 19103
Telephone: (215) 568-6200
Facsimile: (215) 568-0300

*Co-Counsel for the Park Employees' and Retirement Board Employees' Annuity and Benefit Fund of Chicago*

**BLEICHMAR FONTI & AULD LLP**

/s/ *Joseph A. Fonti*
Joseph A. Fonti (admitted *pro hac vice*)
Javier Bleichmar (admitted *pro hac vice*)
7 Times Square, 27th Floor
New York, NY 10036
Telephone: (212) 789-1340
Facsimile: (212) 205-3960
jfonti@bfalaw.com
jbleichmar@bfalaw.com

*Co-Counsel for the Park Employees' and Retirement Board Employees' Annuity and Benefit Fund of Chicago*

**CERTIFICATE OF SERVICE**

      I hereby certify that on this day I caused a true and correct copy of the foregoing to be filed using the Court's Electronic Filing System ("ECF System"). The document is available for viewing and downloading via the ECF System, and will be served by operation of the ECF System upon all counsels of record.

Dated: March 4, 2022　　　　　　　　　　　　**BLEICHMAR FONTI & AULD LLP**
　　　　　　　　　　　　　　　　　　　　　　　/s/ *Joseph A. Fonti*
　　　　　　　　　　　　　　　　　　　　　　　Joseph A. Fonti