# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ALEXANDRE PELLETIER, Individually and on Behalf of All Others Similarly Situated,<br><br>　　　　　　　　　Plaintiff,<br><br>vs.<br><br>ENDO INTERNATIONAL PLC, et al.,<br><br>　　　　　　　　　Defendants. | Civ. Action No. 2:17-cv-05114-MMB<br><br><u>CLASS ACTION</u><br><br>Honorable Michael M. Baylson<br><br>ORDER AWARDING ATTORNEYS' FEES AND EXPENSES AND AWARDS TO LEAD PLAINTIFF AND CO-LEAD PLAINTIFFS PURSUANT TO 15 U.S.C. §78(u)-4(a)(4) |

This matter having come before the Court on February 23, 2022, on the motion of Lead Counsel and Co-Lead Counsel for an award of attorneys' fees and expenses and awards to Lead Plaintiff and Co-Lead Plaintiffs (the "Fee Motion"), the Court, having considered all papers filed and proceedings conducted herein, having found the Settlement of this Action to be fair, reasonable and adequate, and otherwise being fully informed in the premises and good cause appearing therefore;

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that:

1. This Order incorporates by reference the definitions in the Stipulation of Settlement dated October 15, 2021 (the "Stipulation"), and all capitalized terms used, but not defined herein, shall have the same meanings as set forth in the Stipulation.

2. This Court has jurisdiction over the subject matter of this application and all matters relating thereto, including all Class Members who have not timely and validly requested exclusion.

3. Notice of the Fee Motion was given to all Class Members who could be located with reasonable effort. The form and method of notifying the Class of the Fee Motion met the requirements of Rule 23 of the Federal Rules of Civil Procedure and the Securities Exchange Act of 1934, as amended by the Private Securities Litigation Reform Act of 1995 (15 U.S.C. §78u-4(a)(7)), due process, and any other applicable law, constituted the best notice practicable under the circumstances, and constituted due and sufficient notice to persons and entities entitled thereto.

4. The Court hereby awards attorneys' fees equal to 25% of the Settlement Amount, or $15,850,000.00, plus expenses in the amount of $1,839,050.39, together with the interest earned on both amounts for the same time period and at the same rate as that earned on the Settlement Fund until paid. The Court finds that the amount of fees awarded is fair, reasonable, and appropriate under the "percentage-of-recovery" method.

5.  Consistent with the Court's Opinion and Order of March 25, 2022 (ECF 415 and 416), and based on Lead Counsel's experience and determination as to the relative contributions of the firms that prosecuted this action after the replacement of Prior Lead Counsel, the attorneys' fees and expenses shall be allocated as follows, plus interest on such amounts as set forth above:

(a)   Prior Lead Counsel Bleichmar Fonti & Auld LLP: $1,500,000.00 in fees and $1,291,273.00 in expenses;

(b)   Lead Counsel Lawrence F. Stengel of Saxton & Stump: $2,500,000.00 in fees and $1,807.68 in expenses;

(c)   Co-Lead Counsel Pomerantz LLP: $2,200,000.00 in fees and $49,507.64 in expenses;

(d)   Co-Lead Counsel Robbins Geller Rudman & Dowd LLP: $9,640,000.00 in fees and $496,462.07 in expenses; and

(e)   Pomerantz's Pennsylvania counsel Kaskela Law LLC: $10,000.00 in fees.[1]

6.  The awarded attorneys' fees and expenses, and interest earned thereon, shall be paid immediately upon execution of this Order, subject to the terms, conditions, and obligations of the Stipulation, and in particular, §6 thereof, which terms, conditions, and obligations are incorporated herein.

7.  In making this award of fees and expenses to Lead Counsel, Co-Lead Counsel, Pomerantz's Pennsylvania counsel, and Prior Lead Counsel (together, "Counsel"), the Court has considered and found that:

---

[1] Lead Counsel's recommended allocation of fees took into account tangible factors including the reported lodestar of the various firms, as well as the relative contributions of the firms that prosecuted this action after the replacement of Prior Lead Counsel.

(a) the Settlement has created a fund of $63.4 million in cash that is already on deposit, and numerous Class Members who have submitted valid Proof of Claim forms will benefit from the Settlement created through the efforts of Counsel;

(b) over 100,000 copies of the Notice were disseminated to potential Class Members indicating that Lead Counsel would move for attorneys' fees in an amount not to exceed 25% of the Settlement Amount and for expenses in an amount not to exceed $2.3 million, plus interest on both amounts, and no objections to the fees or expenses were filed by Class Members;

(c) Counsel expended substantial time and effort pursuing the Action on behalf of the Class;

(d) Counsel pursued the Action on a contingent basis;

(e) the Action involves complex factual and legal issues and, in the absence of settlement, would involve lengthy proceedings whose resolution would be uncertain;

(f) had Counsel not achieved the Settlement, there would remain a significant risk that the Class may have recovered less or nothing from Defendants;

(g) public policy concerns favor the award of reasonable attorneys' fees and expenses in securities class action litigation;

(h) the attorneys' fees awarded hereby are consistent with the retainer agreement that Lead Plaintiff Bucks County Employees Retirement System and Co-Lead Counsel Robbins Geller Rudman & Dowd LLP entered into at the outset of Lead Plaintiff's involvement in this matter; and

(i) the attorneys' fees and expenses awarded hereby are fair and reasonable and consistent with awards in similar cases within the Third Circuit.

8. Pursuant to 15 U.S.C. §78u-4(a)(4), the Court awards $17,000 to Lead Plaintiff Bucks County Employees Retirement System; $17,000 to Co-Lead Plaintiff Alexandre Pelletier;

- 4 -

and $15,000 to Co-Lead Plaintiff Nathan Dole, each to be paid from the Settlement Fund, for the time they spent directly related to their representation of the Class.

9. Any appeal or any challenge affecting this Court's approval regarding the Fee Motion shall in no way disturb or affect the finality of the Judgment entered with respect to the Settlement.

IT IS SO ORDERED.

DATED: 4/8/2022                              s/ Michael M. Baylson
                                         THE HONORABLE MICHAEL M. BAYLSON
                                         UNITED STATES DISTRICT JUDGE